## STATE COURT OF APPEALS—Continued

### No. 600

### BENHAM v. STANTON et al

Ohio Appeals, 1st Dist., Hamilton County
No. 2312. Decided January 14, 1924

1039. RESULTING TRUSTS—(1) No presumption of resulting trust where husband buys property and takes title in wife's name.

2. To engraft a trust on an absolute deed evidence must be clear, certain and conclusive.

3. Evidence held not to establish a resulting trust.

BUCHWALTER, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Mary Benham against her father, her sister and others, for the partition of real estate. The petition alleged that plaintiff was one of the heirs at law of her mother, Ruth Stanton, deceased, and that as such she was seized in fee simple in an undivided one-half interest of her mother's real estate. The defendant, William Stanton, by way of cross-petition, claims that he is owner under an oral trust agreement between himself and wife made contemporaneously with the purchase of the property, by which it was agreed that he was to purchase the real estate with his own funds, that the same was to be made to his wife, Ruth Stanton, she to hold the same in trust for him.

The evidence disclosed that the real estate was bought by funds supplied by William Stanton and that he had the deed made out to his wife in order to protect the property from creditors. After the wife's death he filed an affidavit of descent in which he stated that his daughters inherited an undivided interest in said real estate. The Common Pleas held for the defendant, whereupon plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeal held:

1. If the purchaser of an estate pays the consideration and takes the title in the name of his wife or child or other person, for whom he is under some natural, moral or legal obligation to provide, there is no presumption of a resulting trust, but a contrary presumption arises that the purchase and conveyance were intended to be an advancement for the nominal purchaser.

2. A trust engrafted on an absolute deed may be shown by parol evidence, but the declaring of such trust must be contemporaneous with the deed, and the evidence beyond a reasonable doubt as to the existence of the trust, and must be clear, certain, and conclusive as to its terms and conditions.

3. As the evidence in the case leads to the conclusion that the parties did not intend to establish a trust but to put the property in the name of the wife so that it should always be safe from the claims of any creditors, the proof fails to support the contention that the parties intended to establish a resulting trust.

Attorneys—Cohen, Mack & Hartig and Bolsinger & Henham, for Benham et al; Amos P. Foster, for Stanton et al; all of Cincinnati.